IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

04 NOV -5 PM 3: 49

OFFICE OF THE CLERK

| | |
|---|---|
| CATHERINE L. MCGINN, | CASE NO.: 8:04CV559 |
| Plaintiff, | |
| | **COMPLAINT IN ADMIRALTY** |
| | (Plaintiff Demands Jury Trial) |
| | Judge: |
| | Magistrate: |
| AMERISTAR CASINOS, Inc. | **JUDGE** |
| Defendant. | **MAGISTRATE JUDGE PIESTER** |

The Plaintiff is a seaman and, therefore, entitled to institute and prosecute this suit without prepayment of fees or costs or furnishing security therefore pursuant to 28 U.S.C. §1916.

This is an admiralty/maritime claim filed pursuant to 9(h) of the Federal Rules of Civil Procedure.

Now comes the Plaintiff, Catherine L. McGinn, by and through the undersigned counsel and for her causes of action against the Defendant, Ameristar Casinos, Inc., states that:

### JURISDICTIONAL ALLEGATIONS COMMON TO ALL COUNTS

1. This cause is brought pursuant to 46 U.S.C. §688 (commonly called the Jones Act) and the general maritime law of the United States (including the doctrine of unseaworthiness and maintenance and cure) and this honorable court therefore has subject matter jurisdiction of this cause pursuant to 28 U.S.C. §1331 and §1333. The occurrences described below took place on the Missouri River within the territorial jurisdiction of the honorable court and the Defendant solicits business and employees, including the Plaintiff, and otherwise has substantial context within this district. Therefore, this Court has personal jurisdiction over the Defendant. A substantial part to the events giving rise to this suit occurred in this district within the meaning of 28 U.S.C. §1391(b)(2); venue is therefore proper in this district pursuant to 28 U.S.C. §1391(b)(1) and §1391(b)(2).

## COUNT I – JONES ACT NEGLIGENCE

1. On or about March 3, 2003, Plaintiff was employed by Defendant as a black jack dealer and member of the crew of the vessel which was operated and/or controlled by said Defendant while the same was afloat on the Missouri River.

2. On said date the Plaintiff while in the scope of her employment with Defendant would deal playing cards as a blackjack dealer.

3. At said time there was in force and effect a statute of the United States commonly called the Jones Act (46 U.S.C. §688) which placed upon the Defendant the legal duty to use ordinary care to provide the Plaintiff with a reasonably safe place to work, reasonably safe tools and equipment, sufficient and competent assistance in the performance of her duties and sufficient competent supervision and training.

4. The Defendant, at said time and place, by and through its agents, servants and employees was negligent and breached the statutory duties imposed by the Jones Act.

5. As a direct and proximate result, in whole or in part of the Defendant's acts or omissions, Plaintiff was injured in one or more of the following respects:

   a. As a result of repetitive and excessive blackjack dealing required of her, Plaintiff developed a sharp, aching, shooting pain in the right arm;

   b. Has lost wages in the past and is reasonably certain to lose wages in the future;

   c. Has suffered a loss of earning capacity;

   d. Has had pain and suffering in the past and is reasonably certain to experience pain and suffering in the future;

   e. Has become obligated for the expenses for necessary medical care, treatment and services in the past and will be required to expend money for necessary medical and health care and treatment and services in the future;

   f. Has had disability in the past and will continue to have disability in the future.

**WHEREFORE**, Plaintiff, Catherine L. McGinn, prays for judgment in her favor and against the Defendant for an amount which is fair and reasonable under the circumstances,

together with costs of suit, including attorneys' fees, interest and such other and further relief as the Court may deem just and proper.

## COUNT II– JONES ACT NEGLIGENCE (respondeat superior)

1. On or about April 11, 2003, Plaintiff was employed by Defendant as a black jack dealer and member of the crew of the vessel which was operated and/or controlled by said Defendant while the same was afloat on the Missouri River.

2. At the aforementioned time and place, the Plaintiff, while in the performance of her duties was injured in the course and scope of her employment when a wooden door was unexpectedly opened in front of her by another employee, striking her in the head and resulting in her sustaining a laceration to the face.

3. At said time there was in force and affect a statute of the United States commonly called the Jones Act (46 U.S.C. §688) which placed upon the Defendant the legal duty to use ordinary care to provide the Plaintiff with a reasonably safe place to work, reasonably safe tools and equipment, sufficient and competent assistance in the performance of her duties and sufficient competent supervision and training.

4. The Defendant, at said time and place, by and through its agents, servants and employees was negligent and breached the statutory duties imposed by the Jones Act.

5. As a direct and proximate result, in whole or in part of the Defendant's acts or omissions, Plaintiff was injured in one or more of the following respects:

  a. Plaintiff sustained a laceration and permanent scar to her head;

  b. Has lost wages in the past and is reasonably certain to lose wages in the future;

  c. Has had pain and suffering in the past and is reasonably certain to experience pain and suffering in the future;

  d. Has become obligated for the expenses for necessary medical care, treatment and services in the past and will be required to expend money for necessary medical and health care and treatment and services in the future;

**WHEREFORE**, Plaintiff Catherine L. McGinn, prays for judgment in her favor and against the Defendant for an amount which is fair and reasonable under the circumstances,

together with costs of suit, including attorneys' fees, interest and such other and further relief as the Court may deem just and proper.

## COUNT III – GENERAL MARITIME LAW UNSEAWORTHINESS

1. Plaintiff hereby incorporates by reference the allegations contained in Count I and II of Plaintiff's Complaint.

2. Defendant is held under the General Maritime law of the United States to warrant that its vessel, crew and equipment and appurtenances are seaworthy and reasonably fit for their intended purpose.

3. The Defendant breached its warranty of seaworthiness in that Defendant's vessel, equipment and/or appurtenances were at that time unseaworthy and not reasonably fit for their intended purpose.

4. As a direct and proximate result of the aforementioned unseaworthiness, Plaintiff was injured in one or more of the following respects:

   a. Has sustained permanent injuries to both her right arm and face;

   b. Has lost wages in the past and is reasonably certain to lose wages in the future;

   c. Has had pain and suffering in the past and is reasonably certain to experience pain and suffering in the future;

   d. Has become obligated for the expenses for necessary medical care, treatment and services in the past and will be required to expend money for necessary medical care, health care, treatment and services in the future; and

   e. Has sustained permanent scarring as a result of said laceration.

**WHEREFORE**, Plaintiff Catherine L. McGinn, prays for judgment in her favor and against the Defendant for an amount which is fair and reasonable under the circumstances, together with costs of suit, including attorneys' fees, interest and such other and further relief as the Court may be deem just and proper.

## COUNT IV – GENERAL MARITIME LAW, MAINTENANCE AND CURE

1. Plaintiff incorporates by reference the allegations contained in Count I and II of Plaintiff's Complaint.

2. The Defendant has the duty under the general maritime law of the United States to provide the Plaintiff with maintenance and cure for injuries or conditions which manifest themselves on board the vessel or are occurred while Plaintiff is in the service of the vessel.

3. At the aforementioned time and place, the Plaintiff, while in the performance of her duties was injured in the service of the Defendant vessel.

4. Plaintiff has incurred extensive medical expense for treatment and other services directly related to her injuries sustained while in the employ of the Defendant.

5. Defendant has willfully refused to pay maintenance and cure to the Plaintiff during a period when Plaintiff was injured.

6. Defendant has failed to pay unearned wages for which Plaintiff is entitled to for lost wages as a result of the said injuries.

7. The Plaintiff has not yet reached a point of maximum cure, and further medical expenses will be incurred in the future.

**WHEREFORE**, Plaintiff Catherine L. McGinn, prays for judgment in her favor and against the Defendant for an amount of not less than $50.00 per day and for reasonable maintenance, and to pay all reasonable medical expenses incurred to date and to be incurred for the diagnosis and treatment of her injuries, together with legal interest from the judicial demand until paid and for all costs of these proceedings, attorneys fees, punitive damages and all general and equitable relief as the Court deems just and proper.

DATED this 4th day of November, 2004

CATHERINE L. MCGINN, Plaintiff,

By: _____
For: LOCHER, CELLILLI, PAVELKA & DOSTAL, L.L.C.
200 The Omaha Club
2002 Douglas Street
Omaha, NE 68102
402-898-7000
Thomas M. Locher, #15797
Thomas M. Rowen, #21778